Farmers' Loan
and Trust Co.
v.
Millard.

## THE FARMERS' LOAN AND TRUST COMPANY *vs.* MILLARD and others.

Where a junior incumbrancer puts in a claim to the surplus monies, arising upon a foreclosure and sale of mortgaged premises, when he knows or has reason to believe that the previous incumbrances upon the equity of redemption are sufficient to exhaust the whole of such surplus monies, he may be compelled to pay the costs to which the prior incumbrancers have been subjected by reason of his claim.

But where the junior incumbrancer puts in a claim to surplus monies in good faith, and upon grounds from which he has reason to suppose that the claims of the prior incumbrancers to the surplus monies cannot be sustained, the court in its discretion may refuse to charge him with the costs to which such prior incumbrancers have been subjected in consequence of his claim.

August 2.    THIS was an application by Hayden and Montross, two of the judgment creditor's of G. Webb, one of the defendants in this suit, for the surplus moneys arising upon the sale of mortgaged premises; and to compel C. Webb, a subsequent mortgagee, to pay the costs to which they had been subjected by the litigation of their claims before the master. The master's report was confirmed, without any exceptions having been filed thereto. So that no question arose before the chancellor as to the distribution of the surplus fund. But as the whole surplus was not sufficient to pay the liens of the petitioners, including the costs of the reference and prior liens thereon, they insisted that C. Webb, upon whose application the order of reference had been made, ought to pay the costs to which they had been subjected in litigating their claims upon the reference.

*M. T. Reynolds,* for the petitioners.

*Otis Allen,* for C. Webb.

THE CHANCELLOR.    The counsel for C. Webb insists that inasmuch as his client succeeded in showing that he had a subsequent mortgage, which was a lien upon the

equity of redemption, and which was due and unpaid at the time of the foreclosure, he had not failed to establish his claim, so as to render him liable for costs under the provisions of the 136th rule of this court. Such, however, is not the fair construction of the last clause of that rule. To exempt the claimant from liability for costs, he must establish his claim to the *surplus moneys* or to some part thereof. And if a junior incumbrancer of the mortgaged premises, knowing or having reason to believe there are older incumbrances upon the equity of redemption sufficient to exhaust the whole of the surplus moneys raised upon the master's sale, puts in a claim to such surplus or any part of it, and thereby subjects others who are equitably entitled to the whole surplus to unnecessary costs, he may be compelled to pay the extra expense to which they have been put by reason of his false claim. The costs in cases arising under this rule, however, are in the discretion of the court. And the affidavit of C. Webb shows that his claim was made in good faith, on grounds from which he had reason to suppose the claims of these petitioners upon the surplus moneys could not be sustained ; and consequently that he, as the next incumbrancer, would be entitled to the residue of the fund after satisfying the lien of Millard, the first incumbrancer. The fact that a jury had pronounced Hayden's judgment usurious, upon a feigned issue awarded for that purpose, was of itself a sufficient ground for resisting that claim before the master ; although a new trial of that issue had been awarded. Under the circumstances of this case, therefore, and considering the fact that Webb will have to pay the costs of the order of reference, and of so much of the proceedings as have been carried on for his benefit or at his request, I do not think he ought to be charged with any of the extra costs to which the petitioners have been subjected in establishing their claims upon the surplus moneys. But neither party is to have costs as against the other on this application.