LEOPOLD LITHAUER *vs.* THOMAS ROYLE and others.

1. No change in the mode of appropriating the proceeds of sale, specifically disposed of by decree and execution, can be made, except by opening and correcting the decree and altering the execution.   This can only be done upon notice.

2. In suits for foreclosure and sale of mortgaged premises, each mortgagee is entitled to be paid his principal, interest, and costs, according to his priority.   It is immaterial whether the bill be filed by the first, last, or any intermediate encumbrancer.

*Mr. Ransom,* for the complainant, cited *Cooke* v. *Brown,* 4 *Younge & Coll.* 227; *Wontner* v. *Wright,* 2 *Sim.* 534; *White* v. *Bishop of Petersborough, Jacob's R.* 402; *Loftus* v. *Swift,* 2 *Sch. & Lef.* 657; *Gammon* v. *Stone,* 1 *Vesey, sen.,* 339.

*Mr. I. W. Scudder* and *Mr. J. D. Miller,* for defendants.

THE CHANCELLOR. The decree and execution in this case contain specific directions for the appropriation of the proceeds of sale, both to the debts and costs of the respective encumbrancers. No change in the mode of appropriating the fund can be made, except by opening and correcting the decree and altering the execution. This can only be done upon notice.

If the application had been made during the progress of the suit to mould the decree in accordance with the views of the applicant, it could not have been granted. The decree, as it now stands, is correct, and in accordance with the well settled practice of the court. The bill was filed by the last of several encumbrancers upon the mortgaged premises. The prior encumbrancers were made parties and proved their claims before the master. The decree directed the claim of each encumbrancer to be paid in the order of its priority, the complainant's debt and costs being the last in order. The amount of sales proving insufficient to satisfy the prior encumbrances, the complainant now asks that his costs shall be first paid out of the fund before the claims of the prior encumbrancers are satisfied; and that the encumbrancers on the several parcels of land sold, shall contribute to the costs in proportion to the amounts respectively realized by them.

The long established practice of the court in suits for foreclosure and the sale of mortgaged premises, has been to direct each mortgagee to be paid his principal, interest, and costs, according to his priority. It is immaterial whether the bill is filed by the first, last, or any intermediate encumbrancer; the same rule applies. The appropriation of the

D *

fund is made in advance of the sale, and without regard to the amount that may be realized. It recognizes the order of priority of the respective encumbrances as fixed, and the right of each encumbrancer to costs, as consequent upon the priority of his mortgage.

The application now made is based upon the principle that each encumbrancer should, in equity, contribute to the costs of foreclosure and sale in proportion to the benefit received, and that to this end the entire costs of all the parties should be first paid out of the proceeds of the sale.

When a fund is in court by a creditor's bill or otherwise, to be distributed among the claimants *pro rata*, or when a doubtful right is to be determined by settling the construction of a will, the ends of justice may be best answered by charging the costs of the proceeding upon the fund. But the principle has no application to mortgagees who are claiming priority in payment under clear and unquestioned rights. The principle insisted on is this: that the prior mortgagees who come in and take the benefit, should bear, each, a proportionate share of the costs. But if the costs be first deducted from the proceeds of sale, it will not be paid ratably by the different mortgagees. The entire burden must, in case of a deficiency in the fund, fall upon some one of the encumbrancers. It may be the first, second, or last, according to the extent of the deficiency. If the whole burden fell upon the first mortgagee, there would seem to be some semblance of equity in the rule, in cases where he received the entire fund. But if the fund be sufficient to satisfy the costs and the entire debt of the first mortgagee, the whole burden will fall upon the second mortgagee, who may receive nothing, while the first mortgagee is paid in full. The rule that each mortgagee shall be paid his costs as well as his debt, in the order of priority, is not only well established, but is best adapted to secure the just rights of the parties.

If the rule is adopted, it is applicable as well to cases where the bill is filed by the first as by the last mortgagee; to the costs of defendants as well as to the costs of complain-

ants; and to the costs of judgment creditors and other encumbrancers as well as of mortgagees. These are often very numerous, and so far exceed the value of the mortgaged premises, that in no contingency can the great majority of the encumbrancers derive the least benefit from the proceeds of the sale. To permit these parties to burden the fund with costs would defeat the just claim of the first mortgagee, and lead to gross abuses in practice.

In the early case of *Brace* v. *The Duchess of Marlborough, Mosely* 50, there were original and cross-bills between the creditors of Sir W. Gostock, by a great variety of securities, and Brace, to whom the debtor had conveyed all his lands in trust to sell for the payment of his debts. The estate was ordered to be sold and the creditors to be paid their debts in the order of their priority. The master of the rolls thought it reasonable that the costs of all the encumbrancers should be paid, in the first place, out of the fund, on the ground that it was not a decree for redemption, in which each encumbrancer is to be paid his debt, interest, and costs, in order, but a sale by consent, which it is the interest of all parties to expedite.

The principle was subsequently applied in the case of annuities secured by demises of a rectory, where a receiver was appointed, *White* v. *The Bishop of Peterborough, Jacob* 402; and to cases of foreclosure and sale of mortgaged premises, where the bill was filed by the first mortgagee against subsequent encumbrancers. *Wontner* v. *Wright*, 2 *Simons* 534; *Cooke* v. *Brown*, 4 *Younge & Coll. Ex. Eq.* 227.

A different practice, however, was adopted in *Upperton* v. *Harrison*, 7 *Simons* 444, where the court refused to allow a subsequent encumbrancer his costs, until the claim of the first mortgagee was settled. It was stated by counsel in that case, that the practice of the court was to direct each mortgagee to be paid his principal, interest, and costs, according to his priority; and the cases of *Davies* v. *Topp, Seaton on Decrees* 97; *Wride* v. *Clarke, Ibid.* 105; *Geary* v. *Geary, Ibid.* 173; and *Wakeham* v. *Lome, Ibid.* 275,

cited by the reporter in the note to 7 *Simons* 444, will be found to support the statement of counsel.

It was stated on the argument of *Upperton* v. *Harrison,* that the case of *Kenebel* v. *Scrafton,* 13 *Ves.* 370, cited in support of the present application, was incorrectly reported, as that was a creditor's bill, and the mortgagees were not parties to it. But if the case be correctly reported, it affords no countenance to the present application. The bill was filed by the first mortgagee, who was clearly entitled to have *his* costs first paid out of the fund. The application was resisted by the *third* mortgagee. The case would seem·to apply to the complainant's costs only, and it was so understood by Chancellor Kent. 6 *Johns. Ch.* 435. The authorities in the English court are conflicting.

By the rule and course of practice of the Court of Chancery in New York, a subsequent encumbrancer is not entitled to his costs till the debt and costs of prior encumbrancers are satisfied. *Farmer's Loan and Trust Co.* v. *Millard,* 9 *Paige* 620; *Boyd* v. *Dodge,* 10 *Paige* 42; *Mayer* v. *Salisbury,* 1 *Barbour's Ch. R.* 546; *Smack* v. *Duncan,* 4 *Sandf. Ch. R.* 621.

The application must be denied.